1
2
3
4
5
6
7
8
                    UNITED STATES DISTRICT COURT

9
                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS C. HEBRANK, Federal          )   Case No. 3:13-cv-2180-GPC-JMA
     Equity Receiver,                     )
12                                        )   **ORDER GRANTING**
                            Plaintiff,    )   **PLAINTIFF'S MOTION FOR**
13   v.                                   )   **PARTIAL SUMMARY**
                                          )   **JUDGMENT**
14   LINMAR III, LLC, a California        )
     limited liability company,           )   **(ECF NO. 14)**
15                                        )
                            Defendant.    )
16   ─────────────────────────────────   )

17                          **INTRODUCTION**

18        This is an action brought by court-appointed receiver Thomas C. Hebrank

19   ("Receiver") on behalf of First Financial Planning Corporation d/b/a Western Financial

20   Planning Corporation ("Western").  (ECF No. 1.)  The Receiver brings this action

21   against LinMar III, LLC ("LinMar III") to enforce five 2009 promissory notes executed

22   by LinMar III in favor of Western.

23        Presently before the Court is the Receiver's Motion for Partial Summary

24   Judgment, in which the Receiver asks that summary judgment be entered in his favor

25   on his cause of action for breach of contract.  (ECF No. 14, "Motion.")  LinMar III has

26   filed an opposition to the Receiver's Motion, (ECF No. 16), and the Receiver has filed

27   a reply, (ECF No. 17).  Having considered the parties' submissions and the applicable

28   law, and for the reasons that follow, the Court will **GRANT** the Receiver's Motion.

## BACKGROUND

The Court appointed the Receiver as permanent receiver over Western in the main action out of which this action arises: SEC v. Schooler et al., Case No. 3:12-cv-2164-GPC-JMA (S.D. Cal.) ("SEC Action"). In the SEC Action, the Court authorized the Receiver to pursue enforcement of five 2009 promissory notes executed by LinMar III in favor of Western.

The five notes evidence loans by Western to LinMar III in the total amount of $96,000, which amount Western transferred to LinMar III between February and August of 2009. The notes each provide for an initial interest rate of 7.5% per year. The notes—executed on February 6, 2009; March 10, 2009; April 14, 2009; May 28, 2009; and August 10, 2009—provide maturity dates of February 6, 2010; March 10, 2010; April 14, 2010; May 28, 2010; and August 10, 2010, respectively. In the event of a default, the notes allow Western to declare the entire principal balance of each loan, plus all accrued interest, immediately due. The notes further allow Western, upon default, the option of increasing the interest rate for each note to 10% per year and adding any accrued interest to the principal balances.

It is undisputed that (1): LinMar III borrowed $96,000 from Western per the notes; (2) LinMar III breached the notes by failing to repay any portion of the loans; (3) Western has not interfered with LinMar III's ability to repay the loans; (4) Western has performed all its obligations under the notes; and (5) the loans are due and payable.

With interest as of May 1, 2014, LinMar III currently owes Western $122,539.28.[1,2]

## LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates the

---

[1] The initial interest rate was applied for the period between loan origination and April 2013 (i.e., 30 days after the Receiver's February 2013 demand for full payment), and the 10% interest rate has been applied for the period between April 2013 and May 1, 2014.

[2] This amount takes into account LinMar III's partial repayment of the August 2009 loan in the amount of $16,005.40.

absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Freeman v. Arpaio</u>, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  <u>See</u> <u>Celotex</u>, 477 U.S. at 323.  If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  <u>See</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159-60 (1970).  If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>see also</u> <u>Anderson</u>, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.").  Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  <u>Celotex</u>, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted).

Generally, "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Once facts are admitted, district courts may "properly rel[y] on them as a basis for entry of summary judgment."  <u>Layton v. Int'l Ass'n of Machinists & Aerospace Workers</u>, 285 Fed. Appx. 340, 341 (9th Cir. 2008).

## DISCUSSION

The Receiver moves for summary judgment on his cause of action for breach of

contract.[3] The elements of a cause of action for breach of contract are: (1) the existence of an enforceable contract, (2) the plaintiff's performance or excuse for nonperformance under the contract, (3) the defendant's material breach of the contract, and (4) resulting damages to the plaintiff. Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968); Acoustics, Inc. v. Trepte Constr. Co., 14 Cal. App. 3d 887, 913 (1971).

LinMar III asserts "it is undisputed that [LinMar III] and Western had a formal loan agreement whereby Western loaned money at interest to [LinMar III] for a specific period of time, that Western performed all of its obligations, and that [LinMar III] has not repaid the loan in full." (ECF No. 16 at 5-6.) LinMar III thus concedes there is no dispute of material fact with regard to the first three elements of the Receiver's breach-of-contract claim. LinMar III argues, however, there is a dispute of material fact with regard to the fourth element of damages. LinMar III further argues that disputes of material fact exist with regard to its defense of impossibility. The Court addresses these arguments in turn.

**1.     Damages**

LinMar III argues the Receiver has not met his summary-judgment burden on the issue of damages because (1) attorney fees and costs incurred in enforcing the repayment terms of the notes are not "damages" under California law, and (2) the Receiver "has presented no evidence that Western has been damaged by the nonpayment of the loans" because "Schooler's intention, as owner and president of both Western and [LinMar III], was that even though the loans stated a time for repayment, Western would not demand repayment at the specified time but would allow [LinMar III] to pay what it could, when it could, depending on [its] financial situation." (ECF No. 16 at 3-4.) In support of its second point, LinMar III submits the declaration of its principal, Louis V. Schooler ("Schooler"), which provides:

---

[3] The Receiver's remaining causes of action for money had and received, unjust enrichment, and disgorgement are unaffected by the instant Motion. (See ECF No. 1.)

> Although the loans and promissory notes do specify a term for the repayment of the loan, it was my intention, both at the time that the loans were made and at the time the terms for repayment ended, that LinMar III would repay the loans on a "what you can, when you can" basis. In other words, LinMar III would make payments as its financial position permitted, depending on money received for management services.

(ECF No. 16-3 at 2.)

Regardless of whether attorney fees and costs are ordinarily considered damages in a breach-of-contract action, the Court concludes the Receiver has satisfied his summary-judgment burden with respect to damages.

First, Schooler's statement that he intended, as owner and president of both Western and LinMar III, to allow LinMar III to repay Western "what it could, when it could" is contradicted by LinMar III's prior admission that the note is due and payable. (See ECF No. 14-4 at 70 [admitting the loan has matured]; ECF No. 14-4 at 8 ["matured" means "the final payment date of a loan has expired, at which point the principal (and all accrued interest) on the loan is due to be paid"].) When something is "due" in the context of payment, it is "[i]mmediately enforceable." Black's Law Dictionary (9th ed. 2009). LinMar III may not, therefore, contradict its prior admission without leave of court to amend or withdraw its admission. See Fed. R. Civ. P. 36(b).

Second, while LinMar III contends its principal (Schooler) had a subjective intent that varies from the notes' payment terms, LinMar III does not point to any ambiguity in the notes' language. Nor has the Court found any such ambiguity. The notes plainly state: "Borrower will pay this loan in full at the end of twelve (12) months. Repayment will include principal and interest times the number of months the loan will have been outstanding at the time of repayment." (ECF No. 14-3 at 9, 13, 17, 21, 25.) As such, LinMar III may not offer extrinsic evidence of subjective intent (in the form of Schooler's declaration) that expressly contradicts the notes' language. See, e.g., Rodriguez v. Oto, 212 Cal. App. 4th 1020, 1027 (2013) ("If the terms are unambiguous, there is ordinarily no occasion for additional evidence of the parties' subjective intent."); Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC, 185 Cal. App. 4th 1050, 1061 (2010) ("[U]nless the language is 'reasonably susceptible' to the

proposed meaning, extrinsic evidence cannot even be considered to explain or otherwise shed light upon the parties' intent.").

Third, LinMar III has offered no evidence of fraud, mistake, or any other vitiating factor that would cause the Court to overlook LinMar III's objective manifestation of assent (i.e., at least one principal's signature on behalf of LinMar III) to the terms of the notes. See Rodriguez, 212 Cal. App. 4th at 1028.

Finally, the Receiver has offered undisputed evidence that Western has been damaged as a matter of law by LinMar III's failure to repay the loan, in that LinMar III admits that it has not paid the loan even though the loan is due. See Cal. Civ. Code § 3300 ("For the breach of a[] . . . contract, the measure of damages . . . is the amount which compensates the party aggrieved for all the detriment proximately caused thereby[.]"); Id. § 3302 ("The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon."); In re Hein, 60 B.R. 769, 782 (Bankr. S.D. Cal. 1986) ("Under California Civil Code § 3302, the payee under an obligation to pay money only . . . is permitted to recover the amount due by the terms of the obligation with interest thereon.").

Based on the foregoing, the Court concludes summary judgment should be entered in the Receiver's favor on his cause of action against LinMar III for breach of the February 2009, March 2009, April 2009, May 2009, and August 2009 notes.

**2.    Impossibility**

Impossibility is a defense to contract enforcement. See Mineral Park Land Co. v. Howard, 172 Cal. 289, 459-60 (1916). "The impossibility which will excuse the performance of a contract must consist in the nature of the thing to be done and not in the inability of the obligor to do it." Caron v. Andrew, 133 Cal. App. 2d 402, 407 (1955). Strict impossibility, however, is not required to excuse performance; rather, performance may also be excused under circumstances showing "impracticability because of extreme and unreasonable difficulty, expense, injury, or loss involved."

1  <u>Oosten v. Hay Haulers Dairy Emp. & Helpers Union</u>, 45 Cal. 2d 784, 794 (1955). Still,

2  for performance to be excused, it must be objectively–not subjectively–impossible or

3  impracticable.  <u>See</u> <u>Hensler v. Los Angeles</u>, 124 Cal. App. 2d 71, 83 (1964).  Thus, a

4  party may not generally rely on an impossibility defense to justify its failure to make

5  payments, as making payments is not objectively impossible or impracticable.  <u>See</u>

6  <u>Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.</u>, 582 F.3d 721,

7  728 (7th Cir. 2009) (citing Restatement (Second) of Contracts § 261 cmt. d (1981)).

8       Here, LinMar III has offered no evidence demonstrating that its purported

9  inability to repay the loans is objectively impossible or impracticable.  Instead, LinMar

10  III merely asserts–from its subjective perspective–that repaying the loans "can only be

11  done at an excessive and unreasonable cost" to itself.  LinMar III has therefore failed

12  to demonstrate that a dispute of material fact exists with regard to its impossibility

13  defense.

**CONCLUSION & ORDER**

14  Based on the foregoing, **IT IS HEREBY ORDERED** that:

15  1.    The Receiver's Motion, (ECF No. 14), is **GRANTED**; and

16  2.    The hearing on the Receiver's Motion, currently set for August 1, 2014,

17       is **VACATED**.

18  DATED:  July 29, 2014

19

20       HON. GONZALO P. CURIEL
         United States District Judge