# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS C. HEBRANK, Federal Equity Receiver, | CASE NO. 13-cv-2180-GPC-JMA |
|---|---|
| Plaintiff, | **ORDER AWARDING ATTORNEY FEES** |
| v. | **[ECF No. 27]** |
| LINMAR III, LLC, a California corporation, and Does 1-25, | |
| Defendants. | |

Before the Court is Plaintiff Thomas C. Hebrank's ("Plaintiff") supplemental briefing regarding attorney fees. (ECF No. 27.) Defendant LinMar III, LLC ("Defendant") filed an opposition. (ECF No. 28.)

On October 9, 2014, the Court granted in part and denied in part Plaintiff's motion for attorney fees (the "Attorney Fees Order"). (ECF No. 26.) Finding that the Plaintiff had failed to adequately detail the attorney fees he was requesting for work conducted after July 31, 2014 and anticipated for post-judgment collection, the Court ordered that the parties provide supplemental briefing on this issue. (*Id.* at 8.) The standard governing attorney fees and the facts of this case are set forth in the Attorney Fees Order. (*See id.* at 1–4.)

Defendant argues that Plaintiff's proposed attorney fees are unreasonable for two reasons: (1) the same reasons that Defendant argued in its opposition to Plaintiff's

original motion for attorney fees, and (2) the fees Plaintiff now requests are higher than originally requested. (ECF No. 28, at 3.) The Court rejects both of Plaintiff's arguments. First, the Court has already rejected the arguments Defendant initially made in opposing Plaintiff's motion for attorney fees. (*See* ECF No. 26, at 5–6.) Second, the Court rejected Plaintiff's proposed fees because the fees were speculative and insufficiently detailed, not because they were too high. (*See id.* at 7–8.) It is not unreasonable that the amounts would go up considering Plaintiff's initial fee requests were based in part on speculation and his current fee requests are based on actual time spent by his attorneys. While the fact that the requests have increased does not automatically make them unreasonable, the Court is still required to review Plaintiff's request for reasonableness. *See PLCM Group, Inc. v. Drexler*, 997 P2d 511, 515 (Cal. 2000).

For work done after July 31, 2014 on Plaintiff's motions for attorney fees, Plaintiff requests a total of $18,505.80 in attorney fees for the three LinMar Lawsuits. (ECF No. 27 ¶ 4.) Divided among the three LinMar Lawsuits, Plaintiff is requesting $6,168.60 in this lawsuit. (*Id.*) Plaintiff breaks down the hourly rates he is requesting as follows:

1. $463.50 per hour for 9.20 hours by senior associate Ted Fates; and
2. $387.00 per hour for 36.80 hours by junior associate Josi Swonetz.

(*Id.*) Plaintiff's counsel initially stated that Ted Fates and Josi Swonetz had spent approximately 31.8 hours drafting the initial motions, (*see* ECF No. 19-2 ¶ 10), yet now states that 37.3 hours were spent on the initial motion, (*see* ECF No. 27, Ex. A). In light of the inconsistencies in Plaintiff's counsel's statements, the Court finds the 47 hours spent on the motions for attorney fees to be unreasonable. The motions for attorney fees contain approximately 10 pages of argument and 9 pages of declaration. (*See, e.g.*, ECF Nos. 19, 19-1, 19-2.) The Court finds that a reduction of five hours, the approximate difference between Plaintiff's counsel's two statements, at the blended rate of $425.25 to be appropriate, a total reduction of $2,126.25. For time spent

1  preparing the attorney fees motion and reply, this comes out to an award of $16,379.55
2  for all three LinMar Lawsuits and thus the Court awards $5,459.85 in this case.

3      For anticipated post-judgment collection work, Plaintiff seeks a total of $15,512
4  for 38.5 hours of work. (ECF No. 27, Ex. B.) In Plaintiff's initial motion, Plaintiff's
5  counsel stated that he anticipated "at least 10 hours" of post-judgment collection work.
6  (ECF No. 19-2 ¶ 10.) Plaintiff's counsel now states that he anticipates over three times
7  that many hours. (ECF No. 27, Ex. B.) While Plaintiff's counsel states that his estimate
8  is based on "Defendant's conduct to date," (*see* ECF No. 27 ¶ 6), Plaintiff offers no
9  evidence to support why the anticipated post-judgment collection work will now take
10 38.5 hours as opposed to the "at least 10 hours" Plaintiff's counsel initially estimated.
11 In light of the differing estimates given by Plaintiff's counsel, the Court finds that the
12 38.5 requested hours to be excessive and a reduction of 20 hours to be appropriate
13 based on the two estimates as well as actual work estimated. (*See* ECF No. 27, Ex. B.)
14 At the blended rate of $425.25 that comes out to a reduction of $8,505. Subtracted from
15 the initial estimate of $15,512, the Court finds an award of $7,007 to be reasonable.
16 Divided across all three LinMar Lawsuits, the Court awards $2,335.67 in this case for
17 anticipated post-judgment collection work.

18     For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff is
19 awarded **$7,795.52** in attorney fees for this case for the time spent preparing its
20 attorney fees motions and for the time anticipated for post-judgment collection work.
21 DATED: December 4, 2014

                  HON. GONZALO P. CURIEL
                  United States District Judge